FEB 15 2008

**MICHAEL A. CARDOZO**
*Corporation Counsel*

THE CITY OF NEW YORK
LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**MORGAN D. KUNZ**
*Assistant Corporation Counsel*
Phone: (212) 788-0422
Fax: (212) 788-9776
mkunz@law.nyc.gov

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/21/2008

February 13, 2008

**BY HAND**
Honorable William H. Pauley
United States District Judge
Southern District of New York
500 Pearl Street, Room 2210
New York, NY 10007

Re:   Yves Edouard v. City of New York, et al.,
      07 Civ. 11443 (WHP)

Your Honor:

*Application granted.*
SO ORDERED:

WILLIAM H. PAULEY III U.S.D.J.
2/20/2008

     I am an Assistant Corporation Counsel in the office of Michael A. Cardozo, Corporation Counsel of the City of New York, attorney for defendant City of New York and Department of Correction Commissioner Martin Horn. <u>Defendants respectfully requests that their time to respond to the complaint in this action be extended for forty-five days from February 19, 2008, until April 4, 2008.</u> Plaintiff's counsel consents to this request.

     Plaintiff alleges that from August 19, 2005, until September 29, 2005, he was unlawfully detained by the New York City Department of Correction (hereinafter "DOC") on Rikers Island. Plaintiff claims that he was due to be released from custody on August 19, 2005, but that despite his repeated complaints to DOC officials, he was not released until September 29, 2005. Plaintiff does not specify why he was in DOC custody nor why he believes that he should have been released on August 19, 2005.

     An enlargement of time will give this office an opportunity to investigate the allegations of the complaint in accordance with this office's obligations under Rule 11 of the Federal Rules of Civil Procedure. In this case, plaintiff alleges that he was falsely imprisoned on Rikers Island for over a month. Accordingly, it is necessary for our office to acquire as much information as possible concerning this matter in order to properly assess the case and respond to the complaint. On information and belief, all of the records associated with plaintiff's detention are sealed pursuant to N.Y. C.P.L. § 160.50. On January 22, 2008, this office forwarded to plaintiff's counsel a release pursuant to § 160.50, which is necessary for our office to obtain the DOC records associated with this incident. We have not yet received an executed release, so on

February 11, 2008, we sent plaintiff's counsel another copy of the release. On February 12, 2008, plaintiff's counsel indicated that they are in the process of obtaining an executed release from plaintiff. Accordingly, an extension of time will allow this office time to gather the relevant documents and satisfy our obligations under Rule 11 in advance of responding to the complaint.

No previous request for an extension has been made in this matter. Accordingly, we respectfully request that defendants City of New York and Commissioner Martin Horn's time to respond to the complaint be extended for forty-five days from February 19, 2008, until April 4, 2008.

I thank the Court for its time and consideration of this request.

Respectfully submitted,

Morgan D. Kunz
Assistant Corporation Counsel

cc: Leo Glickman, Esq., attorney for plaintiff (By Fax)