

| | | |
|---|---|---|
| **MICHAEL A. CARDOZO**<br>*Corporation Counsel* | THE CITY OF NEW YORK<br>**LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | **MORGAN D. KUNZ**<br>*Assistant Corporation Counsel*<br>phone: (212) 788-0422<br>fax: (212) 788-9776<br>mkunz@law.nyc.gov |

March 26, 2008

**BY HAND**
Honorable William H. Pauley
United States District Judge
Southern District of New York
500 Pearl Street, Room 2210
New York, NY 10007

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/2/08
```

Re:   Yves Edouard v. City of New York, et al.,
        07 Civ. 11443 (WHP)

MEMORANDUM

Your Honor:

      I am an Assistant Corporation Counsel in the office of Michael A. Cardozo, Corporation Counsel of the City of New York, attorney for defendants in the above referenced case, in which the Court previously granted defendants an enlargement of time, until April 4, 2008, to respond to the complaint. Defendants respectfully submit that a further extension is necessary owing to factors, detailed herein, which have prevented our office from properly investigating plaintiff's claims and thus satisfying our obligations under Rule 11 of the Federal Rules of Civil Procedure.

      Plaintiff alleges that from August 19, 2005, until September 29, 2005, he was unlawfully detained on Rikers' Island. Plaintiff claims that he was due to be released from custody on August 19, 2005, but despite his repeated complaints to DOC officials, he was not released until September 29, 2005. Plaintiff does not specify why he was in DOC custody nor why he believes that he should have been released on August 19, 2005.

      All New York City Department of Correction records in regard to plaintiff's detention in August and September 2005 are sealed pursuant to N.Y. C.P.L. §160.50. In addition, all police department records, District Attorney records, and Criminal Court records associated with plaintiff's underlying arrest, prosecution, and incarceration are similarly sealed pursuant to §160.50. Accordingly, in order for defendants to obtain any information in regard to this case, and therefore satisfy our obligations under Rule 11, plaintiff must provide our office with a consent and authorization for the release of these records. By letters dated January 22, 2008 and February 11, 2008, this office sent to plaintiff's counsel releases for records sealed

pursuant to N.Y. C.P.L. §160.50. In telephone conversations with plaintiff's counsel, Leo Glickman, on January 29, 2008, February 12, 2008, and March 25, 2008, Mr. Glickman indicated that he was attempting to obtain an executed §160.50 release from plaintiff, but that he has not yet been able to obtain one.

In view of the foregoing, defendants respectfully request that plaintiff be compelled to execute and produce a release for records sealed pursuant to N.Y. C.P.L. §160.50 by April 16, 2008, and that defendants time to respond to the complaint be extended until 30 days after receipt of the unsealing release. Additionally, should the court grant this request, defendants respectfully request that the Court adjourn the initial conference, currently scheduled for April 4, 2008, at 10:15 a.m., until a date convenient to the Court after issue has been joined. Plaintiff's counsel consents to all of these requests.

I thank the Court for its time and consideration of these requests.

Respectfully submitted,

Morgan D. Kunz
Assistant Corporation Counsel
Special Federal Litigation

cc:   Leo Glickman, Esq., attorney for plaintiff (By Fax)

*Application denied.*

SO ORDERED:

WILLIAM H. PAULEY III U.S.D.J.
4/1/2008

2